UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FÉLIX JHOAN HIDALGO ESCALONA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN/FACILITY ADMINISTRATOR of the Northwest Immigration and Customs Enforcement Processing Center (BRUCE SCOTT); and ACTING DIRECTOR for the Seattle Field Office of United States Immigration and Customs Enforcement (JULIO HERNANDEZ),[1]<br><br>Respondents. | C26-3174 TSZ<br><br>ORDER |

THIS MATTER comes before the Court on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, docket no. 1. Having reviewed all papers filed in support of, and in opposition to, the petition, the Court enters the following order.

**Background**

Petitioner Félix Jhoan Hidalgo Escalona is a citizen of the Bolivarian Republic of Venezuela. Hidalgo Escalona Decl. at ¶ 1 (docket no. 1-1); Cvitanovic Decl. at ¶ 3 (docket no. 7). In December 2023, petitioner entered the United States and was released

[1] The Clerk is DIRECTED to update the docket to reflect that Acting Director Julio Hernandez was named as a respondent in the habeas petition. *See* Pet. at ¶ 8 (docket no. 1 at 4). Hernandez is represented by Special Assistant United States Attorney ("SAUSA") Lawrence Van Daley. *See* Return at 1 n.1 (docket no. 6).

on an Order of Release on Recognizance ("OREC"). Hidalgo Escalona Decl. at ¶ 8; Cvitanovic Decl. at ¶ 4. Petitioner applied for asylum, and he has been issued a social security number and employment authorization. Hidalgo Escalona Decl. at ¶¶ 9–10 & Exs. 2 & 3. On April 9, 2026, when he appeared at the United States Immigration and Customs Enforcement ("ICE") office in Spokane, Washington, he was taken into custody. *Id.* at ¶ 3; Cvitanovic Decl. at ¶ 5. According to a deportation officer employed by the United States Department of Homeland Security ("DHS"), petitioner's OREC was revoked based on petitioner's "request [for] voluntary departure to Venezuela" and "numerous Alternative to Detention ("ATD") violations." Cvitanovic Decl. at ¶ 5. No materials have been submitted by DHS, ICE, or respondent Hernandez to support these representations.[2] The assertion that petitioner sought voluntary departure to Venezuela is inconsistent with his then-pending asylum application and his role as the father of a two-year-old child who is a United States citizen. *See* Hidalgo Escalona Decl. at ¶ 19. Petitioner has no criminal history. *See id.* at ¶ 18.

On July 20, 2026, the Court entered an order rejecting respondent Hernandez's assertion that petitioner was subject to mandatory detention under Immigration and Nationality Act ("INA") § 235(b)(2)(A), codified as 8 U.S.C. § 1225(b)(2)(A), and requiring that petitioner be granted a bond hearing pursuant to INA § 236(a), codified as

---

[2] The Court, however, takes judicial notice of the exhibits attached to SAUSA Van Daley's declaration, which was filed in a previous habeas action involving petitioner. *See* Van Daley Decl. (C26-1420 TMC, docket no. 14). Among the documents filed in the prior matter was a Form I-213, which was internally inconsistent, stating that petitioner "does *not* have children or dependents" and that he has a United States citizen "child in custody/care of mother." Ex. 3 to Van Daley Decl. (C26-1420 TMC, docket no. 14-3 at 2 & 6) (emphasis added).

8 U.S.C. § 1226(a). *See Hidalgo Escalona v. ICE Field Office Director*, No. 26-cv-1420, 2026 WL 2083254 (W.D. Wash. July 20, 2026). A bond hearing was conducted on July 30, 2026. Cvitanovic Decl. at ¶ 8. The immigration judge denied release on bond, and petitioner has sought review by the Board of Immigration Appeals ("BIA"). *Id.* The bond hearing was not recorded, and no copy of the immigration judge's order has been provided to the Court. *See id.* Petitioner contends, however, under penalty of perjury, that the immigration judge determined that petitioner does "not pose a danger to society or a flight risk, yet contradictorily and baselessly marked the flight risk box on his written order to deny [petitioner's request for] bond." Hidalgo Escalona Decl. at ¶ 3 (docket no. 1-1). Respondent Hernandez does not dispute the "oral-written discrepancy," Return at 2 (docket no. 6), but rather argues that it does not constitute a due-process violation and that petitioner must exhaust his administrative remedies before he can obtain relief from this Court. The Court disagrees.

**Discussion**

The Court has authority to grant a writ of habeas corpus to an individual who is in custody "in violation of the Constitution or law or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). In the immigration habeas context, administrative exhaustion is prudential, not jurisdictional. *See W.T.M. v. Bondi*, No. 25-cv-2428, 2026 WL 262583, at *2 (W.D. Wash. Jan. 30, 2026). When a habeas petitioner contends that a bond hearing did not comply with the Court's prior order requiring such hearing, prudential exhaustion is excused. *See Fletes-Velasquez v. Hernandez*, No. C26-1908, 2026 WL 1871890, at *2 (W.D. Wash. June 29, 2026); *Zhenwei Lu v. Divver*, No. 26-cv-781, 2026

WL 1755174, at *3–4 (S.D. Cal. June 2, 2026) (joining "the many other courts that have excused prudential exhaustion . . . for purposes of reviewing compliance with the Court's prior order for a bond hearing"); Sanchez Henao v. Hernandez, No. 26-cv-707, 2026 WL 1492714, at *2 (W.D. Wash. May 28, 2026) ("a hearing conducted pursuant to a district court's order requiring the government to be held to a certain legal standard is reviewable for compliance with the court's order" (citing Martinez v. Clark, 124 F.4th 775, 784 (9th Cir. 2024))); see also Lopez v. Paulk, 830 F. Supp. 3d 1356, 1365–67 (M.D. Ga. Apr. 6, 2026). The Court may also excuse or waive exhaustion if (i) the administrative remedies are "inadequate or not efficacious," (ii) "pursuit of administrative remedies would be a futile gesture," (iii) "irreparable injury" might result, or (iv) "the administrative proceedings would be void." See Hernandez v. Sessions, 872 F.3d 976, 988 (9th Cir. 2017) (quoting Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004)). In this matter, prudential exhaustion does not apply or, alternatively, is excused or waived.

In this case, the only indication that the immigration judge concluded petitioner had not disproven his risk of flight is contained in the declaration of a deportation officer who makes no representation that he was present at the bond hearing. See Cvitanovic Decl. at ¶ 8. The immigration judge's check-box order has not been proffered, and the immigration judge has not issued any memorandum or written decision. See id. In contrast, petitioner, who was at the bond hearing and has personal knowledge on the subject, has sworn under oath that the immigration judge found he is not a flight risk. See Hidalgo Escalona Decl. at ¶ 3. Petitioner further explains that he missed various check-ins via the ATD system because of "technical glitches in the application and language

barriers." _Id._ at ¶ 15. And, as argued by petitioner, his conduct of physically reporting to the ICE office in Spokane supports a finding that he has shown he is not a flight risk. To the extent the immigration judge orally ruled that petitioner had made the requisite showing for conditional release,[3] which the Court concludes is plausible in light of the record, but nevertheless denied a change in custody status, the immigration judge abused his discretion, and petitioner is entitled to habeas relief. _See Soriano v. Hernandez_, 830 F. Supp. 3d 1071, 1080 (W.D. Wash. 2026) (in reviewing for an abuse of discretion, the inquiry is whether the immigration judge applied the correct legal standard). The Court is persuaded that the appropriate habeas relief is release from custody. When an immigration judge has found no flight risk, then no lawful basis for continued detention exists, and the appropriate remedy is immediate release. _See Garcia Miranda v. Hernandez_, No. 26-cv-906, 2026 WL 1328227, at *5 (W.D. Wash. May 13, 2026); _Soriano_, 830 F. Supp. 3d at 1081–82.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) The petition for a writ of habeas corpus, docket no. 1, is GRANTED, and within twenty-four (24) hours of the entry of this Order, respondents shall RELEASE

[3] _See Fletes-Velasquez_, 2026 WL 1871890, at *2 (explaining that INA § 236(a) "provides no guidance concerning how immigration judges should make discretionary bond determinations," but the BIA has "filled this gap" by adopting the standard in 8 C.F.R. § 236.1(c)(8), thereby allowing immigration judges to release a noncitizen if he or she demonstrates that "such release would not pose a danger to property or person" and that he or she "is likely to appear for any future proceeding").

petitioner Félix Jhoan Hidalgo Escalona from custody at the Northwest ICE Processing Center;

(2) Within forty-eight (48) hours of the entry of this Order, respondents shall file a declaration confirming that petitioner has been released from custody;

(3) Petitioner shall not be re-detained without at least seven (7) days' advance written notice and a pre-deprivation hearing before a neutral decisionmaker unless (a) probable cause exists for believing petitioner has committed or is attempting to commit a criminal offense, or (b) petitioner is subject to an order of removal that is both administratively and judicially final within the meaning of 8 U.S.C. § 1231(a)(1)(B) for purposes of computing the removal period referenced in 8 U.S.C. § 1231(a)(2)(A); and

(4) The Clerk is directed to enter judgment consistent herewith after the declaration required by Paragraph 2, above, has been filed and to send a copy of this Order and the Judgment to all counsel of record and to petitioner pro se at 2018 W. 4th Ave., Apt. #21, Spokane, WA 99201.

IT IS SO ORDERED.

Dated this 15th day of October, 2026.

Thomas S. Zilly
United States District Judge